

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUBEN KUILAN, | : | **FILED** CIVIL ACTION |
| Petitioner, | : | FEB 10 2014 |
| v. | : | MICHAEL E. KUNZ, Clerk |
| MICHAEL WENEROWICZ, et al. | : | By____ JA ____ Dep. Clerk No. 11-2336 |
| Respondents. | : | |

## ORDER

AND NOW, this 31th day of January, 2014, upon independent consideration of the petition for writ of *habeas corpus* (paper no. 1) and after review of the Report and Recommendation of Magistrate Judge Jacob P. Hart (paper no. 9) and Petitioner's Objections to the Report and Recommendation of the Magistrate Judge (paper no. 13), it appearing that:

a. Petitioner, Ruben Kuilan, filed a *pro se* writ of *habeas corpus* following a Pennsylvania Superior Court decision rejecting his claims under the Pennsylvania Post-Conviction Relief Act. Petitioner's asserted grounds for relief center on a pre-sentence report purportedly enumerating petitioner's convictions and arrests under the name Ruben Kuilan and several aliases. Petitioner asserts that his sentence is unlawful because at least some of the convictions contained in the pre-sentence report were actually against an individual (or individuals) other than petitioner, but known by one of petitioner's numerous aliases.[1] Petitioner seeks relief on two grounds. First, he received ineffective assistance of counsel when his attorney did not object to the inclusion of convictions by an individual (or individuals) other than petitioner in the pre-sentence report. Second, the trial court erred when it considered the pre-sentence report and the convictions of the other individual (or individuals) when it sentenced petitioner.

b. This court referred the matter to Magistrate Judge Jacob P. Hart for a report and recommendation. Magistrate Judge Hart issued a report recommending that the court deny petitioner's writ.

c. Petitioner timely objected to Magistrate Judge Hart's report and recommendation. Petitioner argues he could not have objected to the alleged errors in the pre-sentence report because he did not receive a copy of the report before his sentencing hearing.

---

[1] Petitioner has not identified which of the convictions in the pre-sentence report he contends were actually committed by an individual or individuals other than himself.

1

He contends his counsel was ineffective for failing to object to the pre-sentence report or raise the issue on appeal after petitioner informed counsel of the purported error. Petitioner also objected to Magistrate Judge Hart's conclusion that the court may not disturb the Superior Court's determination his second claim was procedurally defaulted because he did not possess the pre-sentence report during his direct appeal.

d. Petitioner's objections are without merit. The Superior Court found petitioner failed to show that the pre-sentence report was inaccurate and counsel was not ineffective for failing to raise a meritless issue on appeal. Magistrate Judge Hart correctly concluded this determination by the Superior Court was not contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). The Superior Court held that petitioner's second claim was procedurally defaulted under Pennsylvania rules because he failed to raise the issue on direct appeal. Magistrate Judge Hart was correct that petitioner's default cannot be excused because he has not shown a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner's argument that he could not have raised the alleged error with the trial court or on appeal is additionally unpersuasive because, as both the Superior Court and Magistrate Judge Hart found, petitioner was aware of the purported errors in the pre-sentence report when the court summarized the report on the record during petitioner's sentencing hearing.

Therefore, it is **ORDERED** that:

1. Petitioner's Objections to the Report and Recommendation are **OVERRULED**.

2. The Report and Recommendation of Magistrate Judge Hart is **APPROVED** and **ADOPTED**.

3. The petition for writ of habeas corpus is **DENIED**.

4. There is no basis for the issuance of a certificate of appealability.

*Norma L. Shapiro*
J.

Copies sent to the Plaintiff